UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS,<br><br>             Plaintiff,<br><br>    v.<br><br>K. CAMPBELL, et al.,<br><br>             Defendants. | Case No. 1:21-cv-00021-JLT-SKO (PC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS**<br><br>(Doc. 18)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT WITHIN 21 DAYS OF THE DATE OF SERVICE OF THIS ORDER** |

Plaintiff Charles A. Rogers is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.       RELEVANT PROCEDURAL BACKGROUND**

On January 31, 2023, the Court issued its Second Screening Order. (Doc. 15.) The Court found Plaintiff had stated a cognizable First Amendment retaliation claim against Defendant Campbell, but that the remaining claims did not state a cognizable claim against any other defendant. (*Id*. at 9-16.) Plaintiff was ordered to do **one** of the following: (1) file a third amended complaint curing the deficiencies identified in the screening order; *or* (2) file a notice that he does not wish to file a third amended complaint and instead wishes to (a) proceed only on his First Amendment claim against Defendant Campbell, (b) dismiss his remaining claims, and (c) dismiss

1  the remaining defendants; *or* (3) file a notice of voluntary dismissal. (*Id*. at 17-18.) Plaintiff was
2  afforded 21 days within which to respond. (*Id.*)
3        On February 13, 2023, Plaintiff elected the second option noted above by filing
4  "Plaintiff's Notice of His Intention to Proceed Only on His First Amendment Claim Against
5  Defendant Campbell." (Doc. 16.)
6        Following Plaintiff's notice, on March 7, 2023, the Court issued Findings and
7  Recommendations to Dismiss Certain Claims and Defendants. (Doc. 18.) The Court
8  recommended that Defendants Cates, Gutierrez, Horn, Lundy, Nouwels, Stiles, Sullivan,
9  Vaquera, and White be dismissed from the action, and that Plaintiff's second amended complaint
10 proceed only on the retaliation claim alleging a violation of his First Amendment rights against
11 Defendant Campbell. (*See* Doc. 18; *see also* Doc. 15 [Second Screening Order].) Plaintiff was
12 given 14 days from the date of service within which to file any objections. (Doc. 18 at 2.)
13       On March 16, 2023, Plaintiff filed objections to the Findings and Recommendations.
14 (Doc. 19.)

15       **II.**    **DISCUSSION AND ORDER**

16       In his objections, Plaintiff states named Defendants Cates, Lundy, Nouwles, Gutierrez,
17 Sullivan, White, Horn, Stiles and Vaquera "should remain as defendants because they collectively
18 and individually violated plaintiff's constitutional rights." (Doc. 19 at 1.) Plaintiff further
19 contends he "stated facts that can be proven if allowed to proceed with this action. All facts
20 outlined in plaintiff's second amended complaint are exactly that, facts." (*Id.*) Plaintiff asks the
21 Court "to allow him to present these facts through the discovery process," citing to Federal Rule
22 of Civil Procedure 26(a)(1). (*Id*. at 1-2.) Plaintiff asks the Court "to allow him to proceed with all
23 the remaining defendants in this action." (*Id*. at 2.)
24       Because Plaintiff has filed objections to the Findings and Recommendations despite filing
25 a notice to proceed on the claim found cognizable by the Court, his objections are hereby
26 construed as a request to file a third amended complaint.
27       Plaintiff will be afforded one final opportunity to cure the deficiencies identified by the
28 Court in its Second Screening Order. Following receipt of the third amended complaint, the Court

will perform the required screening to determine whether the third amended complaint states cognizable claims. 28 U.S.C. § 1915A(a).

Plaintiff is advised that his complaint asserts factual *allegations*. Those allegations must be found to state cognizable claims against the defendants. As explained in the Second Screening Order, the "'sheer possibility that a defendant has acted unlawfully' is not sufficient to state a cognizable claim, and 'facts that are merely consistent with a defendant's liability' fall short." (*See* Doc. 15 at 3, citing to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) The Court has accepted Plaintiff's factual allegations as true but determined, and explained why, Plaintiff had failed to state cognizable claims against those named defendants other than Defendant Campbell. (*Id*. at 9-16.) To proceed in this action, Plaintiff must state cognizable claims against the remaining defendants; otherwise, the Court is required to dismiss that portion of Plaintiff's complaint that fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations issued March 7, 2023 (Doc. 18) are **VACATED**;
2. Plaintiff is **GRANTED** leave to file a third amended complaint, curing the deficiencies identified in the Second Screening Order, **within 21 days of the date of service of this order**; and
3. Plaintiff is advised that should he fail to file a third amended complaint, *or,* if following screening of any third amended complaint, the Court determines Plaintiff has failed to state cognizable claims against the remaining defendants, the Court will again issue findings and recommendations, recommending that the action proceed only on Plaintiff's First Amendment retaliation claim against Defendant Campbell.

IT IS SO ORDERED.

Dated:   **April 14, 2023**                        /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE