UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS,<br><br>          Plaintiff,<br><br>     v.<br><br>K. CAMPBELL, et al.,<br><br>          Defendants. | Case No. 1:21-cv-00021-JLT-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION**<br><br>**14-DAY DEADLINE** |

Plaintiff Charles A. Rogers is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      BACKGROUND**

The Court issued its Third Screening Order on January 26, 2024, finding Plaintiff's third amended complaint plausibly alleged a First Amendment retaliation claim against Defendant Campbell, and violations of the Fourteenth Amendment due process clause against Defendants Cates and Sullivan. (Doc. 22.) On January 30, 2024, the Court issued its Order Finding Service Appropriate. (Doc. 23.)

On April 2, 2024, Defendant filed a motion for a three-day extension of time within which to file a responsive pleading. (Doc. 27.) The Court granted the motion the following day. (Doc. 28.)

On April 5, 2024, Defendants Campbell, Cates, and Sullivan filed a motion to dismiss Plaintiff's third amended complaint for a failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 29.)

## II.     DISCUSSION

As an initial matter, the Court notes Defendants served their motion to dismiss to Plaintiff at the California Health Care Facility in Stockton, California. (*See* Doc. 29 at 10.) The Court's docket currently reflects Plaintiff is incarcerated at the California Correctional Institution and Plaintiff has not filed a change of address with the Court, and it is his obligation to do so. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

On February 21, 2024, the United States Postal Service returned this Court's January 26, 2024, order marked "Undeliverable" and "Return to Sender." (Docket Entry dated 2/21/24.) On April 26, 2024, the United States Postal Service returned this Court's April 3, 2024, order marked "Undeliverable," "Return to Sender," "Insufficient Address," and "Unable to Forward." (Docket Entry dated 4/26/24.) [1]

The Court's Local Rules which correspond with Federal Rule of Civil Procedure 11 provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110.  Local Rule 230(*l*) states:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a

---

[1] Although the deadline to respond to Defendants' motion has passed and Plaintiff has failed to comply with Local Rule 183, the Court will direct the Clerk of the Court to change Plaintiff's address to reflect that he is presently housed at the California Health Care Facility in Stockton, California. The California Department of Corrections and Rehabilitation's California Incarcerated Records and Information Search ("CIRIS") inmate locator tool confirms the foregoing (<https://apps.cdcr.ca.gov/ciris/details?cdcrNumber=H34159> was last accessed 5/3/2024).

statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Therefore, Plaintiff's opposition or statement of non-opposition to Defendants' pending motion to dismiss was due on or before April 26, 2024, plus time for mailing. Plaintiff has failed to timely file an opposition or statement of non-opposition, and the time to do so has now passed.

### III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court is directed to update Plaintiff's address to reflect he is presently housed at the California Health Care Facility in Stockton, California; and

2. Plaintiff **SHALL** show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to Defendants' motion filed April 5, 2024.

**Plaintiff is advised that a failure to respond to this Order will result in a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute.**

IT IS SO ORDERED.

Dated:   **May 6, 2024**                             /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE