1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES A. ROGERS,                        Case No. 1:21-cv-00021-JLT-SKO (PC)

12                  Plaintiff,                  **FINDINGS AND RECOMMENDATIONS
                                                TO GRANT IN PART AND DENY IN PART
13            v.                                DEFENDANTS' MOTION TO DISMISS**

14   K. CAMPBELL, et al.,                       (Doc. 29)

15                  Defendants.                 **14-DAY OBJECTION DEADLINE**

16

17

18            Plaintiff Charles A. Rogers is proceeding pro se and *in forma pauperis* in this civil rights

19   action pursuant to 42 U.S.C. § 1983.

20        **I.      RELEVANT BACKGROUND**

21            The Court issued its Third Screening Order on January 26, 2024, finding Plaintiff's third

22   amended complaint plausibly alleged a First Amendment retaliation claim against Defendant

23   Campbell, as well as violations of the Fourteenth Amendment due process clause against

24   Defendants Cates and Sullivan. (Doc. 22.)

25            On April 5, 2024, Defendants Campbell, Cates and Sullivan filed a motion to dismiss,

26   alleging Plaintiff fails to state claims upon which relief can be granted. (Doc. 29.) Plaintiff filed

27   an opposition (Doc. 31) and Defendants replied (Doc. 33).

28   //

## II.    PLAINTIFF'S CLAIMS

The operative complaint is Plaintiff's third amended complaint filed April 26, 2023. (*See* Doc. 21.) At screening, this Court summarized Plaintiff's facts as follows:

### *The Factual Allegations*

> Plaintiff alleges that on June 9, 2020, he wrote a letter to Defendant Sullivan explaining Defendant Campbell had been withholding Plaintiff's mail "without any notification for more than 2 months." (Doc. 21 at 2.) Plaintiff asserts Defendant Campbell summoned Plaintiff and informed him that his incoming mail was being withheld "in search of contraband." (*Id*.) Campbell also informed Plaintiff that no contraband had been found. (*Id*.) Plaintiff alleges Campbell wanted to know why the "return address on the mail was fraudulent? Plaintiff could not confirm or deny." (*Id*.)
>
> Plaintiff asserts he filed an appeal regarding Campbell's withholding of his mail. (Doc. 21 at 2.) He contends Defendant Sullivan "responded to [his] letter using vague and ambiguous terms" and did not address Campbell's actions. (*Id*.) Plaintiff contends Defendant Cates heard the appeal and denied it. (*Id*.) Plaintiff asserts the appeal "was granted at the highest level, in that defendant Campbell violated the <u>California Code of Regulations</u>, Title 15 §3136(a)" by withholding Plaintiff's mail without notifying Plaintiff. (*Id*. at 2-3, emphasis in original.)
>
> Plaintiff alleges that on November 3, 2020, he received a Notification of Disapproval for Mail/Packages/Publications form, stating Plaintiff's incoming mail was contraband. (Doc. 21 at 3.) Plaintiff asserts he submitted an Inmate Request for Interview form, asking Campbell to clarify how his incoming mail was considered contraband. (*Id*.) Plaintiff alleges Campbell responded ambiguously, "not stating exactly what is the contraband that was allegedly [] mailed" to Plaintiff. (*Id*.) Plaintiff then filed an appeal alleging Campbell was "displaying acts of harassment and retaliation" after the previously filed appeal. (*Id*.) Plaintiff alleges the justification "for the withholding of [his] mail by Campbell is the postage stamp that states: 'Free Matter for the Blind and Physically Handicapped.'" (*Id*.)
>
> Next, Plaintiff alleges he sent a letter to Sullivan explaining Campbell's withholding of his mail and asking Sullivan to instruct Campbell to forward Plaintiff's mail and "cease from these acts of retaliation and harassment." (Doc. 21 at 3.) He alleges the letter "fell on deaf ears." (*Id*.)

(Doc. 22 at 6-7.) Further facts relating to Plaintiff's allegations included the following, in relevant part:

> <u>Claim One: Retaliation by Defendant Campbell</u>
>
> Plaintiff contends Defendant Campbell "acted with retaliation and

conscious disregard" of his constitutional right to file a grievance "against any malicious actions of prison staff, especially Campbell." (Doc. 21 at 3-4.) He states he wrote Defendant Sullivan about Campbell's actions and four months later he was advised by Campbell that his mail was contraband. (*Id*. at 4.) Plaintiff states he did not receive an infraction for attempting to introduce contraband into a prison facility. (*Id*.) He contends the retaliatory action did not advance any legitimate penological goal and that Campbell's actions were willful, reckless and done in conscious disregard of his rights. (*Id*.)

Claim Two: Due Process Violations by Defendants Cates and Sullivan

Plaintiff contends Defendants Cates and Sullivan "acted with deliberate indifference" towards him when they failed to stop the constitutional violations to which he was subjected. (Doc. 21 at 5.) Plaintiff states he wrote a letter to Defendant Sullivan about Campbell having withheld his mail for two months and eventually Defendant Cates denied his grievance. (*Id*.) When Plaintiff "furthered the appeal to the highest level," it was granted. (*Id*.) Plaintiff alleges his "correspondent mailed 2 letters to Sullivan, October 4, 2020 and December 4, 2020," informing Sullivan of the constitutional violations regarding the withholding of Plaintiff's incoming mail. (*Id*.) Plaintiff asserts he "sent 3 letters to Cates, May 19, 2021; September 27, 2021; and September 29, 2021." (*Id*.) He contends the May 2021 letter concerned Campbell's withholding of his mail and the September 2021 letter involved a complaint about mailroom staff withholding his "mail where some of his mail plaintiff received it more than 2 months later." (*Id*. at 5-6.) Plaintiff alleges he "informed Cates that he still holds the evidence of the mailroom purposely holding his mail." (*Id*. at 6.) Plaintiff states he "wanted to know how it is that he cannot dispute the finding of the mailroom that the photos plaintiff received in the mail was not appropriate," but received no response. (*Id*.) Plaintiff asserts the September 2021 letter asked Cates to accept his "602 and instruct the prison appeals coordinator to log his appeal and forward it for response, because [he] submitted the appeal previously and it is believed that the appeal was discarded." (*Id*.) Plaintiff asserts Cates never responded, "nor did anyone at the appeals office." (*Id*.) Plaintiff contends his "correspondent has written Cates 4 times … asking Cates to acknowledge the wrongdoings of the mailroom staff and order the staff to cease from their continuous constitutional violations." (*Id*.) Plaintiff asserts "Cates and Sullivan were eerily silent" and that both violated their duties "mandated by DOM § 33070.5." (*Id*.)

(Doc. 22 at 7-8.) Considering the allegations in light of Plaintiff's claims, the Court found as follows:

Here, liberally construing the third amended complaint, Plaintiff states a cognizable First Amendment retaliation claim against Defendant Campbell. Plaintiff contends Campbell took adverse

action against him by withholding and continuing to withhold his mail because Plaintiff filed a grievance against Campbell, and thereby chilled Plaintiff's exercise of his First Amendment rights and Campbell's actions did not advance any legitimate penological goal. *Rhodes*, 408 F.3d at 567-68; *McCollum*, 647 F.3d at 882

…

Plaintiff contends Defendants Cates and Sullivan "acted with deliberate indifference … when they failed (as prison wardens) to put a stop to the constitutional violations that [he] was being subjected to." (Doc. 21 at 5.) Defendants Cates and Sullivan are identified as wardens at the California Correctional Institution ("CCI"), and neither is identified as having been personally involved in withholding Plaintiff's mail. Their involvement is instead centered on the failure to respond to Plaintiff's letters regarding Defendant Campbell's withholding of Plaintiff's legal mail, a related lack of notice, and the failure to remedy the matter when his grievance concerning the withheld mail was granted at the highest level. However, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77. Thus, Defendants Cates and Sullivan are not liable merely as supervisors for the actions or omissions of their subordinate, Defendant Campbell. … Plaintiff does not allege Defendants Cates and Sullivan personally participated in or directed the violations concerning his withheld mail. Plaintiff does allege Cates and Sullivan were aware of the violations and failed to take any action to prevent the violations. … Plaintiff also contends Defendants Cates and Sullivan violated "Department Operations Manual § 33070.5" which amounts to violation of prison procedure or policy. *Sorrels*, 290 F.3d at 972. Therefore, liberally construing the third amended complaint, Plaintiff makes the required showing by alleging he advised both Cates and Sullivan in writing that Campbell had withheld his mail for two months without providing notice and that Defendants failed to act. Although Plaintiff provides some dates and appears to omit other dates, at the pleading stage, the Court finds Plaintiff sufficiently alleges Fourteenth Amendment due process violations. … In sum, liberally construing the third amended complaint, Plaintiff has plausibly alleged Fourteenth Amendment due process violations against Defendants Cates and Sullivan as they both had knowledge of the alleged constitutional violations suffered by Plaintiff regarding the lack of notice of his withheld mail and failed to act.

(Doc. 22 at 8-11.)

### III.    LEGAL STANDARDS

#### *Motions to Dismiss*

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint,

4

and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks & citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

When resolving a motion to dismiss under Rule 12(b)(6), a court may not consider materials outside the complaint, including new allegations in an opposition. *Guamataotao v. Dir. Of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (finding new allegations contained in an opposition to a motion to dismiss to be irrelevant for Rule 12(b)(6) purposes).

### *First Amendment Retaliation*

Prisoners have a First Amendment right to file prison grievances and retaliation against prisoners for exercising this right is a constitutional violation. *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). A claim for First Amendment retaliation in the prison context requires: (1) that a state actor took some adverse action against the plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) "the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). To prove the second element, retaliatory motive, a

plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim*, at 1269, 1271. Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. *See McCollum v. CDCR*, 647 F.3d 870, 882-83 (9th Cir. 2011); *Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. *McCollum*, 647 F.3d at 882.

### *Fourteenth Amendment Due Process*

The Due Process Clause protects prisoners from deprivation of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Due Process Clause "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Prisoners have a liberty interest in the receipt of mail which triggers procedural due process guarantees. *Krug v. Lutz*, 329 F.3d 692, 696-97 (9th Cir. 2003). If prison officials withhold mail, a prisoner has a due process right to receive notice that his incoming mail is being withheld. *See Frost v. Symington*, 197 F.3d 348, 353-54 (9th Cir. 1999); *see also Prison Legal News v. Cook*, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail). Withholding delivery of inmate mail must be accompanied by minimum procedural safeguards. *Procunier v. Martinez*, 416 U.S. 396, 417-18 (1974), overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989). These procedural safeguards include: (1) notifying the inmate that the mail was seized; (2) allowing the inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail. *Procunier*, 416 U.S. at 418-19; *Krug*, 329 F.3d at 698. A prisoner also has a due process right to appeal the exclusion of mail to a prison official other than the one who made the initial exclusion

1  decision. *Id.* at 697-98 & n.5. A brief delay in the process of an inmate's mail without notice to

2  the inmate is not a violation of the Fourteenth Amendment. *Sorrels v. McKee*, 290 F.3d 965, 972

3  (9th Cir. 2002). And "[o]nly if the failure to provide notice was pursuant to prison policy does

4  this constitute a due process violation actionable under § 1983." *Id.*

5      **IV.    SUMMARY OF THE PARTIES' POSITIONS**

6          ***Defendants' Motion to Dismiss (Doc. 29)***

7      Defendants contend Plaintiff's First Amendment retaliation claim against Defendant

8  Campbell fails to allege sufficient facts to satisfy several elements of that claim. Defendants

9  further contend that Plaintiff's Fourteenth Amendment claims against Defendants Sullivan and

10  Cates fail to state a claim upon which relief can be granted because the allegations "were in

11  contravention of prison policy, and were rectified by the appeal process."

12          ***Plaintiff's Opposition (Doc. 31)***

13      Plaintiff contends he must be given the benefit of the doubt to allow for a consideration of

14  the merits of his claims. He asserts his claims "meet the requirements of notice pleading" and that

15  Defendants' "papers fail[] to support their motions to dismiss and on appeal demonstrate that they

16  had fair notice of what Plaintiff's claims are and the grounds upon which they rest." Lastly,

17  Plaintiff asserts "it should be concluded that this Court has jurisdiction."

18          ***Defendants' Reply (Doc. 32)***

19      Defendants state that Plaintiff's opposition "fails to provide any compelling argument why

20  any of his claims should survive" and Plaintiff did not substantively address any of the arguments

21  asserted in the motion to dismiss.

22      **V.    DISCUSSION**

23          **A.  Plaintiff Sufficiently Alleges a Retaliation Claim Against Campbell**

24      Defendants contend Plaintiff has failed to sufficiently allege the second, fourth and fifth

25  elements of a First Amendment retaliation claim. Plaintiff's opposition fails to address

26  Defendants' argument.

27  //

28  //

1

1. <u>The Causation Element Is Sufficiently Pled</u>

The second element—causation or "because of"—requires a showing of retaliatory motive, that Plaintiff's protected activities were a "substantial" or "motivating" factor behind the Campbell's challenged conduct. *Brodheim*, at 1269, 1271. Direct or circumstantial evidence of defendant's alleged retaliatory motive must be provided; mere speculation is not sufficient. *McCollum*, 647 F.3d at 882-83. "[T]iming can properly be considered as circumstantial evidence of retaliatory intent." *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

Defendants allege that Plaintiff's allegation that Campbell's retaliatory conduct after Plaintiff's first grievance was filed is contradicted by Plaintiff's complaint because his mail was being withheld prior to the filing of the grievance. Defendants further assert that Plaintiff fails to allege any retaliatory conduct by Campbell to suggest Campbell's continued withholding of Plaintiff's mail was motivated by Plaintiff filing a grievance.

The third amended complaint asserts Plaintiff wrote a letter to Defendant Sullivan on June 9, 2020, contending that Defendant Campbell had been withholding his mail without providing notification for two months. (Doc. 21 at 2.) Plaintiff alleges Campbell informed Plaintiff his mail was being withheld "in search of contraband." (*Id*.) Plaintiff then filed a grievance regarding Campbell's wrongful withholding of his mail and that the grievance was granted "at the highest level" finding Campbell violated "Title 15 § 3136(a)" for withholding "mail without notification." (*Id*. at 2-3.) On November 3, 2020, Plaintiff received notification from Campbell that incoming mail was being withheld as contraband. (*Id*. at 3.) Plaintiff submitted an Inmate Request for Interview, "asking Campbell to clarify how his incoming mail was considered contraband." (*Id*.) Plaintiff alleges Campbell "responded in an ambiguous manner, not stating exactly what was contraband." (*Id*.) Plaintiff then filed another grievance alleging harassment and retaliation by Campbell "behind the previous 602 plaintiff filed." (*Id*.) Plaintiff states Campbell's reason for withholding his mail was "the postage stamp that states: 'Free Matter For The Blind And Physically Handicapped.'"[1] (*Id*.)

---

[1] Free Matter for the Blind and Other Physically Handicapped Persons is a service offered by the United States Postal Service (USPS) that allows certain materials to "be sent free of charge if mailed by or for the use of blind or other persons who cannot read or use conventionally printed materials due to a physical

Plaintiff's first grievance followed a letter to Sullivan complaining of Campbell's withholding his mail in the absence of notice and Campbell later informing Plaintiff the withholding was the result of a "search for contraband." Plaintiff asserts his grievance was granted because Campbell was found in violation of policy.

On November 3, 2020, Plaintiff received notice from Campbell that his incoming mail was being withheld as contraband because it included a "postage stamp that states: 'Free Matter For The Blind And Physically Handicapped.'" When Plaintiff's earlier grievance was granted because Campbell was found to have violated policy, Campbell's subsequent notice of withholding Plaintiff's incoming mail as contraband can amount to circumstantial evidence of retaliatory motive. Stated another way, at the pleading stage, Plaintiff's allegations involving the withholding of his incoming mail by Campbell as contraband because that indicated the sender (not Plaintiff as the recipient) was employing a service permitting blind or physically disabled persons to mail certain materials free of charge can be reasonably inferred to be retaliatory conduct. *McCollum*, 647 F.3d at 882-83; *Pratt*, 65 F.3d at 808. Under these circumstances, Plaintiff's allegation regarding retaliatory conduct is not merely speculative. *McCollum*, at 882-83. Liberally construing Plaintiff's allegations and affording him the benefit of any doubt, this Court finds Plaintiff pled sufficient facts to establish retaliatory motive by Campbell.

Defendants cite to *Calihan v. Adams*, N. 1:09-CV-1373-MJS (PC), 2011 WL 284467, at *6-7 (E.D. Cal. Jan. 26, 2011), in support of their contention that Plaintiff has failed to adequately allege retaliatory animus. The *Calihan* court stated: "it is not entirely clear in Plaintiff's complaint, but it appears that Plaintiff is making a claim that Defendants are retaliating against him for pursuing his constitutional rights, i.e., that Defendant Adams directed continued interference with his mail after Plaintiff [] filed a grievance" for that interference. *Id*. at *6. Discussing the causation prong, the *Calihan* court found: "It is unclear why Plaintiff believes that the grievance was the cause of his mail being delayed when the same or similar interference was

---

handicap." *See* https://faq.usps.com/s/article/What-is-Free-Matter-for-the-Blind-or-Other-Physically-Handicapped-Persons, as of 11/14/2024. Fed. R. Evid. 201; *see Gerritsen v. Warner Bros. Entm't Inc*., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies").

occurring before the grievance was filed; indeed it was the subject of the grievance. Plaintiff has failed to establish causation and motive sufficient to satisfy the second prong of his retaliation claim." *Id*. at *7.

Here, Plaintiff alleges he complained to the warden about not receiving notice that his mail was being withheld, Campbell advised Plaintiff his mail was being withheld as potential contraband, and when Plaintiff grieved the withholding in the absence of notice, the grievance was granted at the highest level, finding Campbell violated regulations. Plaintiff's incoming mail was then withheld on the basis it included an improper stamp or postage. Unlike *Calihan*, Plaintiff alleges conduct beyond "the same or similar interference." Plaintiff alleges Campbell withheld Plaintiff's incoming mail because the third level grievance review determined Campbell violated policy regarding a lack of notice and Campbell identified a later piece of incoming mail as contraband based upon a stamp or postage affixed by the sender about a program available to blind or physically handicapped persons.

At this stage of the proceedings, liberally construing the complaint and affording Plaintiff the benefit of all doubt, the Court finds Plaintiff sufficiently alleged the second element of a retaliation claim.

## 2.   The Chilling Element Is Sufficiently Pled

The fourth element requires showing a chilling of the exercise of Plaintiff's First Amendment rights. *Rhodes*, 408 F.3d at 567-68. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm." *Brodheim*, 584 F.3d at 1269. That the retaliatory conduct did not chill Plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Rhodes*, 408 F.3d at 569.

Defendants contend Plaintiff "fails to allege that the conduct described chilled the exercise of his First Amendment right," and the allegations in the operative complaint "suggest that Plaintiff was unfazed by the alleged conduct as he continued to pursue administrative remedies and communicate with Prison officials via mail regarding his grievances." Defendants additionally state that Plaintiff fails to allege he was prevented from sending mail or that all of his incoming mail was withheld.

First, the fact Plaintiff continued to pursue his remedies and to communicate with prison officials does not defeat his claim against Defendant Campbell at this stage of the proceedings. *Rhodes*, 408 F.3d at 569. Second, Defendants cites to no legal authority that requires Plaintiff to allege he was prevented from sending mail or that all of his incoming mail was withheld. Plaintiff does not have to show he was actually chilled and prevented from sending mail or that all of his incoming mail was withheld. In *Rhodes*, the Ninth Circuit "explicitly held that an objective standard governs the chilling inquiry; a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities." *Brodheim*, 584 F.3d at 1271 (citing *Rhodes*, 408 F.3d at 568-69). Further, "a plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. *Brodheim*, 584 F.3d at 1269 (citing *Rhodes*, 408 F.3d at 567 n.11).

Here, Plaintiff's operative complaint alleges he suffered harm in the form of "personal property loss." At this stage of the proceedings, liberally construing the complaint and affording Plaintiff the benefit of all doubt, the Court finds Plaintiff sufficiently alleged the fourth element of a retaliation claim.

### 3.   The Legitimate Correctional Goal Element Is Sufficiently Pled

The fifth element requires a showing that the action did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567-68. Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *See Pratt*, 65 F.3d at 806. A plaintiff may do so "by alleging, in addition to retaliatory motive, that the defendant's actions were arbitrary and capricious … or that they were 'unnecessary to the maintenance of order in the institution.'" *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (citations omitted).

Here, Plaintiff's third amended complaint alleges that Campbell's "retaliatory action did not advance any legitimate penological goals." This refers to the November 2020 conduct involving withholding Plaintiff's incoming mail as contraband because it involved "a postage stamp that states: 'Free Matter For The Blind And Physically Handicapped.'" (Doc. 21 at 4.)

1    Liberally construing the complaint, and resolving all doubt in Plaintiff's favor, it can be

2    reasonably inferred Campbell's actions were arbitrary and capricious. *Watison*, 668 F.3d at 1114-

3    15.

4           It is unclear how the withholding of incoming mail, sent by an outside individual who

5    apparently used a government program providing blind and physically handicapped individuals

6    with access to postage, was necessary to the maintenance of order in the institution. *See Rizzo v.*

7    *Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) ("[P]laintiff has alleged that [prison official] Stocker's

8    actions were retaliatory and were arbitrary and capricious. He has thereby sufficiently alleged that

9    the retaliatory acts were not a reasonable exercise of prison authority and that they did not serve

10   any legitimate correctional goal"). At this stage of the proceedings, liberally construing the

11   complaint and affording Plaintiff the benefit of all doubt, the Court finds Plaintiff has sufficiently

12   alleged the fifth element of a retaliation claim.

13                                  4.   Summary

14          For the foregoing reasons, the Court finds Plaintiff has alleged sufficient facts concerning

15   the second, fourth, and fifth elements of a First Amendment retaliation claim. It will therefore

16   recommend that Defendants' motion to dismiss the retaliation claim against Defendant Campbell

17   be denied.

18          **B.  Plaintiff Fails to Allege Due Process Violations Against Cates and Sullivan**

19          Defendants contend Plaintiff has not alleged a Fourteenth Amendment due process

20   violation because Plaintiff failed to allege that the lack of notice concerning the withholding of

21   his mail was pursuant to a prison policy.

22          "[W]ithhold[ing] delivery of [inmate mail] must be accompanied by minimum procedural

23   safeguards." *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002) (as amended) (citation omitted,

24   alterations in original). In particular, an inmate has a due process liberty interest in receiving

25   notice that his incoming mail is being withheld. *Id*. However, "[o]nly if the failure to provide

26   notice was pursuant to prison policy does this constitute a due process violation actionable under

27   § 1983." *Id*.

28

1    Plaintiff does not allege that the asserted misconduct was *pursuant to* prison policy.

2    Plaintiff instead alleges that his incoming mail was withheld *in violation of* prison procedure. (*See*

3    Doc. 21 at 2-3 [grievance granted "at highest level, in that defendant Campbell violated the

4    California Code of Regulations, Title 15 § 3136(a) when he withheld plaintiff's mail without

5    notification"].) Therefore, no actionable due process violation has been alleged. *Sorrels*, 290 F.3d

6    at 972; *Aguilar v. Carpio*, No. 1:17-cv-01190-DAD-GSA-PC, 2019 WL 3409902, at *6 (E.D.

7    Cal. July 29, 2019) ("Plaintiff alleges that defendant Carpio was *in violation of* CDCR regulations

8    and the Department Operations Manual for failing to timely notify him that his mail was

9    withheld. Thus, the failure to notify of the rejection was unauthorized and contrary to prison

10   policy. It constitutes at most negligence and does not state a due process violation under § 1983"

11   [italics added]);[2] *Jackson v. Medina*, No. EDCV 13-01930-JVS (DTB), 2016 WL 7638200, at *6,

12   (C.D. Cal. Oct. 31, 2016) ("plaintiff alleges that his mail was withheld *in violation of* prison

13   procedure. … Plaintiff does not maintain that the alleged misconduct was pursuant to prison

14   policy. Thus, plaintiff has not stated a Due Process violation under Section 1983" [italics in

15   original]).

16   Defendants also contend Plaintiff cannot allege a due process claim against Defendants

17   Cates and Sullivan because "neither was involved in the alleged initial two-month lack of notice."

18   Defendants assert that Cates and Sullivan "did not have knowledge of the lack of notice until they

19   were allegedly informed by Plaintiff in his letter and 602 appeal."

20   Regarding Defendants Cates and Sullivan, Plaintiff's operative complaint alleges they

21   violated their duty pursuant to section 33070.5 of the Department Operations Manual. (*See* Doc.

22   21 at 6 ["both of them violated their duties as mandated by DOM §33070.5"].) Plaintiff alleges

23   his "correspondent mailed 2 letters to Sullivan" on October 4, 2020, and on December 4, 2020,

24   "informing [S]ullivan of the constitutional violations of plaintiff's incoming mail being

25   wrongfully withheld." (*Id*. at 5.) Plaintiff further alleges he "sent 3 letters to Cates." (*Id*.) These

26   letters consist of a May 19, 2021, letter stating that "once again Campbell [was] withholding

---

[2] Compare to *Zavala v. Rios*, No. 1:09-cv-679 MJS (PC), 2013 WL 4401883, at *3 (E.D. Cal. Aug. 15, 2013)
("Plaintiff alleges that a prison policy caused his mail to be withheld and packages returned without notice to him.
Plaintiff has stated a cognizable due process claim").

plaintiff's mail," a September 27, 2021, letter involving a "complaint about the mailroom staff is purposely withholding plaintiff's mail where some of his mail plaintiff received it more than 2 months later," and a September 29, 2021, letter asking "Cates to accept plaintiff's 602 and instruct the prison appeals coordinator to log his appeal and forward it for a response …." (*Id*. at 5-6.) Plaintiff also alleges his "correspondent has written Cates 4 times, on September 10, 2020; December 20, 2020; August 20, 2020; and October 21, 2021." (*Id*. at 6.) On those occasions, Plaintiff's correspondent asked Cates "to acknowledge the wrongdoings of the mailroom staff and order the staff to case from their continuous constitutional violations." (*Id*.)

Section 33070.5 titled "Employee Expectations and Reporting" provides as follows:

> (a) Each employee, regardless of classification or rank, shall adhere to the department's Employee Performance Standards set forth in Title 15, section 3391, and be responsible for the following:
>
> (1) Referring all observed misconduct or any unethical or illegal activity toward an inmate or parolee to CST via the Central Repository;
>
> (2) Referring verbal allegations of unnecessary or excessive use of force and staff sexual misconduct, including sexual harassment, toward an inmate or parolee to CST via the Central Repository, and immediately forward the complaint to their Hiring Authority;
>
> (3) Advising the complainant on how to submit their complaint in writing for verbal complaints not involving unnecessary or excessive use of force and staff sexual misconduct, including sexual harassment, toward an inmate or parolee; and
>
> (4) Reporting alleged staff misconduct promptly to a supervisor or other appropriate departmental, governmental, or law enforcement entity. If information is reported verbally to a supervisor, the employee shall also submit a written report to the supervisor.

(https://www.cdcr.ca.gov/regulations/wp-content/uploads/sites/171/2024/03/2024-DOM.pdf.)

Plaintiff alleges a due process violation against Cates and Sullivan for their failure to report illegal activity to the central repository—Campbell's withholding of his mail without notice. These allegations are insufficient to state claims against Cates and Sullivan.

Plaintiff has not alleged that Cates or Sullivan "observed misconduct or any unethical or illegal activity toward an inmate." Nor did Plaintiff's complaints about Campbell to Cates or Sullivan involve unnecessary or excessive force or staff sexual misconduct or harassment. Only

1    subsection (4) section 33070.5 —reporting alleged staff misconduct promptly to a supervisor or

2    other appropriate departmental, governmental, or law enforcement entity—is potentially relevant

3    because Plaintiff asserts Cates and Sullivan failed to report Campbell's misconduct promptly to a

4    supervisor or other appropriate entity.

5        Plaintiff's claims against Cates and Sullivan rest on Campbell's failure to notify Plaintiff

6    that his mail was being withheld. As noted above, because Plaintiff alleges Campbell withheld his

7    mail *in violation of* prison procedure rather than *pursuant to* prison procedure, he cannot state

8    claims against Cates and Sullivan based on their failure to report Campbell's purported

9    misconduct.[3] For that same reason, whether and when Cates and Sullivan had notice of Plaintiff's

10   complaints about Campbell's failure to notify him of withheld incoming mail are not

11   determinative. Standing alone, the allegations that Cates and Sullivan violated prison regulations[4]

12   do not state a section 1983 claim. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009)

13   (California prison regulations "do not establish a federal constitutional violation"); *see also*

14   *Dillingham v. Garcia*, No. 1:19-cv-00461-AWI-GSA-PC, 2020 WL 2836449, at *14 (E.D. Cal.

15   June 1, 2020) (section 1983 does not provide remedy for alleged violations of California

16   Department of Corrections and Rehabilitation Department Operations Manual); *Kitilya v. Calif.*

17   *Dep't of Corrections and Rehabilitation*, No. 2:18-cv-0672 JAM DB P, 2018 WL 3129816, at *2

18   (E.D. Cal. June 20, 2018) ("Section 1983 provides no redress for prison officials' mere violation

19   of state prison regulations"). Accordingly, Cates and Sullivan did not commit a federal

20   constitutional violation by failing to report alleged staff misconduct.

21       In sum, Plaintiff fails to sufficiently allege due process violations against Defendants

22   Cates and Sullivan. Granting Plaintiff leave to amend these claims would be futile. *Hartmann v.*

---

[3] *See, e.g.*, *Nunez v. Ramirez*, No. 09cv413 WQH (BLM), 2010 WL 1222058, at *6 (S.D. Cal. Mar. 24, 2010) ("Plaintiff's free speech and retaliation claims are dependent on whether his statement 'If you saw who was drinking, why don't you address that person instead of disrespecting everybody' is speech protected by the First Amendment. Because the statement is not protected speech in the prison context, his free speech and retaliation claims fail regardless of whether he has alleged all of the other elements of these claims").

[4] Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison...not...to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).

1    *CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when

2    amendment would be futile"); *Jackson*, 2016 WL 7638200, at *6 ("because it is not possible for

3    plaintiff to cure this deficiency through amendment, the Court recommends that plaintiff's

4    Fourteenth Amendment claim with respect to the withholding of his mail be dismissed without

5    leave to amend"). The Court will recommend Defendants' motion to dismiss Plaintiff's due

6    process claims against Cates and Sullivan be granted.

7          **IV.    CONCLUSION AND RECOMMENDATIONS**

8          Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that:

9          1.   Defendants' motion to dismiss (Doc. 29) be **GRANTED in part** and **DENIED in**

10             **part** as follows:

11             a.   Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim

12                against Defendant Campbell be **DENIED**; and

13             b.   Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process

14                claims against Defendants Cates and Sullivan be **GRANTED**.

15         These Findings and Recommendations will be submitted to the United States District

16   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days**

17   after being served with a copy of these Findings and Recommendations, a party may file written

18   objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

19   Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages**

20   without leave of Court and good cause shown. The Court will not consider exhibits attached to

21   the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference

22   the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

23   reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation

24   may be disregarded by the District Judge when reviewing these Findings and Recommendations

25   under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

26   //

27   //

28   //

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 25, 2024**                          */s/ Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

17