UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, | Case No. 1:21-cv-00021-JLT-SKO (PC) |
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | (Doc. 45) |
| K. CAMPBELL, et al., | **ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME** |
| Defendants. | **ORDER DIRECTING DEFENSE COUNSEL TO CONTACT COURTROOM DEPUTY TO SCHEDULE A SETTLEMENT CONFERENCE** |
| | **ORDER EXTENDING STAY UNTIL COMPLETION OF A SETTLEMENT CONFERENCE** |

Plaintiff Charles A. Rogers is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment retaliation claim against Defendant K. Campbell. (*See* Doc. 36.)[1]

**I.   BACKGROUND**

On November 3, 2025, the Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 120 Days. (Doc. 40.) The parties were directed to "file the attached notice,

---

[1] Defendants Cates and Sullivan were dismissed on September 30, 2025. (*See* Doc. 36 at 2.)

indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time" within 45 days of the date of the order. (*Id*. at 2.) On December 18, 2025, Defendant Campbell filed notice regarding his willingness to participate in an early settlement conference. (Doc. 44.)

On December 29, 2025, when Plaintiff failed to respond, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to File Notice Regarding Early ADR. (Doc. 45.) Plaintiff was ordered to show cause in writing, or, alternatively, to file the completed notice, within 14 days. (*Id*. at 2.)

On January 20, 2026,[2] Plaintiff filed a document titled "Answer to Defendants motion Order to Show Cause in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to File Notice Regarding Early ADR." (Doc. 46.)

## II.    DISCUSSION

Plaintiff states he missed the "deadline because of medical issues he now suffers from," including nearly losing the "use of his right hand" and his "speech patterns." (Doc. 46 at 1.) Plaintiff states because he is right-handed, it is nearly impossible for him "to write or communicate his thoughts." (*Id*.) Plaintiff requests a 60-day extension of time "to file the motion. Plaintiff assures the court that he can and will file the above mentioned motion if it grants" his request. (*Id*.) Plaintiff further states he "is ready willing and able to discuss any aspect of this case with defendant's attorney's anytime they wish to talk about any issue including discovery or settlement." (*Id*. at 1-2.)

The Court will discharge the OSC considering Plaintiff's response filed January 20, 2026. There is no reason to grant Plaintiff an extension of time as Defendants have not filed any motion that remains pending,[3] and there is nothing for Plaintiff to respond. Nor has Plaintiff filed any motion that remains pending before this Court.[4] As the Court previously advised Plaintiff, the

---

[2] Plaintiff's filing was signed and served on January 11, 2026. (*Id*. at 2, 3.)

[3] The motion to dismiss previously filed by Campbell, Cates, and Sullivan was granted in part an denied in part on September 30, 2025. (*See* Doc. 36.)

[4] Plaintiff's previous request for an extension of time "to Answer Defendants Answer" to his operative complaint was denied on November 19, 2025. (*See* Doc. 42.)

2

Court's November 3, 2025, order stayed this action for 120 days and directed that *"[n]o pleadings or motions may be filed in this case during the stay*." (Doc. 42 at 2, emphasis added.)

Further, because Plaintiff indicates a willingness to participate in settlement discussions, (*see* Doc. 46 at 1-2), the Court will construe his January 20, 2026, filing to be a notice indicating Plaintiff's willingness to participate in a settlement conference. As such, the Court will direct defense counsel to contact the undersigned's courtroom deputy to schedule the settlement conference. Finally, the Court will extend the stay until a settlement conference has been conducted in this matter.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  The OSC issued December 29, 2025 (Doc. 45) is **DISCHARGED**;

2.  Plaintiff's request for an extension of time is **DENIED**;

3.  Defense counsel is **DIRECTED** to contact the undersigned courtroom deputy (wkusamura@caed.uscourts.gov) **within seven (7) days** of the date of this order to schedule a settlement conference; and

4.  The stay of these proceedings is **EXTENDED** until a settlement conference has been conducted.

IT IS SO ORDERED.

Dated:    **January 21, 2026**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

3